UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE J. REED,

    Plaintiff,

v.                                                           Case No. 1:09-CV-187

I.B.C. PRISON HEALTH &                    HON. GORDON J. QUIST
MEDICAL SERVICES, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Eddie J. Reed, has filed Objections to the report and recommendation issued on December 28, 2009, in which Magistrate Judge Brenneman recommended that Plaintiff's notice or motion for default judgment be denied and that Defendants' motion to dismiss for lack of exhaustion be granted and Plaintiff's complaint dismissed. The magistrate judge concluded that Plaintiff's motion for default judgment should be denied because no defendant has been defaulted by the Clerk as required by Fed. R. Civ. P. 55(a) and all of the served defendants have moved for dismissal. The magistrate judge further noted that Plaintiff has failed to serve two Defendants. Regarding Defendant's motion to dismiss, the magistrate judge concluded that it should be granted because Plaintiff failed to file a Step III appeal for any of the four grievances at issue.

After conducting a *de novo* review of the report and recommendation, and having considered Plaintiff's Objections, the Court will adopt the report and recommendation.

Plaintiff contends that the magistrate judge erred in recommending that his motion for default judgment be denied, but he fails to offer any coherent reason supporting this assertion. As the magistrate judge correctly noted, all served Defendants moved for dismissal and thus were not required to file an answer until their motion to dismiss was resolved. *See* Fed R. Civ. P. 12(a)(4).

Because the other two Defendants had not been served, no default or default judgment could be entered against them.

With regard to exhaustion, Plaintiff argued before the magistrate judge that MDOC personnel prevented from filing Step III appeals by transferring him to another facility on October 8, 2008. The magistrate judge rejected this argument because even if Plaintiff were transferred, he should have filed a Step III appeal for his latest grievance by September 5, 2008. This is because the MDOC grievance policy requires a prisoner to file an appeal within a certain number of days after the MDOC's response was due. Thus, a prisoner is required to file a timely appeal even if no response was received. In his Objections, Plaintiff notes again that MDOC personnel thwarted his efforts to comply with the grievance procedure by withholding the responses to Plaintiff's grievances one day before they transferred him to a new prison. However, as the magistrate judge observed, Plaintiff cannot rely on this excuse because he should have filed his appeals even in the absence of a response from the MDOC. Plaintiff thus fails to show that the magistrate judge's conclusion is erroneous. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 28, 2009, (docket no. 32) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (docket no. 19) is **DENIED** and Defendants' Rule 12(b)(6) Motion for Dismissal on Lack of Exhaustion (docket no. 20) is **GRANTED**. Plaintiff's claims against Defendants Ward, Chick, Stevens, Williams, Berg, Fletcher, and Leland are **DISMISSED**.

The case will continue against Defendants Scott Holmes and I.B.C. Prison Health & Medical Services, who have not yet been served.

Dated: March 12, 2010           /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE